IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:19CV01171 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| $20,295.00 in U.S. CURRENCY, | : | |
| Defendant. | : | |

**<u>VERIFIED COMPLAINT OF FORFEITURE</u>**

NOW COMES Plaintiff, the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A) for the forfeiture of the aforesaid defendant property which was involved in one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and/or 1957, or is traceable to such property.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant property which constitutes or was derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically violations of 18 U.S.C. §§ 1955, 1956, and/or 1957.

3. The defendant property is $20,295.00 in U.S. Currency, which was seized on May 3, 2019, in Rural Hall, North Carolina, while located within the jurisdiction of this

Court, and has been deposited to the U.S. Customs and Border Protection Customs Suspense Account.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant property was seized while located in the jurisdiction of this Court, or one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 29th day of November, 2019.

        Respectfully submitted,

        MATTHEW G.T. MARTIN
        United States Attorney


        /s/ Lynne P. Klauer
        Lynne P. Klauer
        Assistant United States Attorney
        NCSB #13815
        101 S. Edgeworth Street, 4th Floor
        Greensboro, NC 27401
        Phone: (336) 333-5351
        Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
Michael B. Hudak
Task Force Officer
U.S. Immigration and Customs Enforcement
Homeland Security Investigations

# DECLARATION

I, Michael B. Hudak, having been duly sworn, do hereby depose and state:

1. I am a Sergeant with the Forsyth County Sheriff's Office and have been so employed for approximately 10 years. I am also a Task Force Officer (TFO) for the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I am currently assigned to the HSI Winston-Salem, North Carolina, as a full time TFO. I have been a full time TFO for seven months and have been a part time TFO for several years.

2. This Declaration is made in support of a Verified Complaint for Forfeiture of $20,295.00 in U.S. Currency seized from Gurtej SINGH in Rural Hall, North Carolina on May 3, 2019.

3. The facts and circumstances set forth in this declaration are based upon the declarant's personal knowledge of the investigation as well as information provided to me by other law enforcement officers involved in this investigation.

4. In January 2019, North Carolina Alcohol Law Enforcement (NCALE) received a complaint alleging the Pic and Go 3, located at 6940 Broad Street, Rural Hall, NC 27045, was operating and keeping illegal gaming machines at the location. The letter explained that Gurtej SINGH and his wife were operating illegal poker machines without paying taxes and sending profits to a foreign country two to three times a month. Pic and Go 3 is the business name used by C&D Forsyth, Inc., for the Broad Street store.



GOVERNMENT EXHIBIT
A

5. Officers with NCALE began investigating the claim on January 24, 2019. Gurtej SINGH is the President of C&D Forsyth, Inc., DBA Pic and Go 3. C&D Forsyth, Inc. filed Articles of Incorporation with the North Carolina Secretary of State on April 18, 2008. According to its Annual Reports, C&D Forsyth, Inc.'s nature of business is described as "Convenience Store/Gas Station."

6. On April 25, 2019, NCALE Special Agent In-Charge (SAC) C. Poole and Special Agent (SA) A. Singleton entered C&D Forsyth, Inc., DBA Pic and Go 3 in an undercover capacity and observed six (6) electronic video gaming slot machines in a back room. Each machine had an electronic display screen with a bill receiver on the front of the cabinet. SAC Poole and SA Singleton each played separate gaming machines. SA Singleton chose to end game play and pressed the ticket button on the front of the machine to cash out, but nothing printed. SA Singleton walked to the point of sale area where the owner, Gurtej SINGH, was packing up to leave. SA Singleton asked SINGH how to cash out. SINGH replied with, "You have to press the ticket button twice." SA Singleton went back to the machine and pressed the ticket button again. SA Singleton then took the ticket that printed out and presented it to the white female behind the point of sale area. The female employee took the ticket and walked into a back room where SA Singleton could hear a cash register opening. The employee then walked back to the front and handed SA Singleton $19.00 in U.S. currency. SAC Poole then chose to end game play and took the voucher to the point of sale area and handed it to a female employee. The employee took the receipt, viewed it, then

2

walked to a back room behind the point of sale area. SAC Poole could hear a cash register open. The female employee then returned and paid SAC Poole $90.00 in U.S. currency. SAC Poole then asked the employee what was the largest payout she had made and she said, "$1,200.00." Both SAC Poole and SA Singleton determined there to be no skill or dexterity involved to play the video slot games. The symbols were matched randomly or by chance. The undercover agents determined that C&D Forsyth, Inc., DBA Pic and Go 3 was operating illegal slot machines as defined by NCGS 14-306, and the games were not used for amusement. SAC Poole and SA Singleton observed Gurtej SINGH (president of C&D Forsyth, Inc.) inside the business on this date.

7. On May 1, 2019, SA Jason Hinson and SA Amber Singleton entered C&D Forsyth, Inc., DBA Pic and Go 3 in an undercover capacity. Both SA's observed six (6) electronic video gaming slot machines inside the back room as previously noted. The agents paid U.S. currency as credits to activate the machines where they were awarded and subtracted credits valued at U.S. currency levels based on the displayed gaming payout chart and credits bet during their play. Both SAs Hinson and Singleton ended game play and took their vouchers to the point of sale area. SA Hinson handed the voucher to the female employee, who viewed it then walked to a back room behind the point of sale area. SA Hinson could hear a cash register open, then the female employee returned with $30.00 for SA Hinson's winnings. SA Singleton's voucher was then turned over to the female employee. The employee walked into the back room where SA Singleton could hear a cash

3

register opening and then returned with $30.00 for SA Singleton's winnings. Both agents found that the games were games of chance as they were randomly determined by the video gaming machine and not dependent on the skill or dexterity of the player. Both agents were paid in U.S. currency for their winnings by an employee of C&D Forsyth, Inc., DBA Pic and Go 3, thus determining the location as operating illegal slot machines.

8. The back room which housed the six (6) video gaming machines was a room with no clock or time keeping device in public view, and no windows. Based on my training and experience, I am aware that this is common practice accepted by casinos in order to keep players in a state of hyperfocus. By not allowing daylight or time, players lose track of time and play the gaming machines for longer periods of time. An ATM machine is also located near the front door of the location, which allows patrons easy access to currency in order to continue play.

9. On May 2, 2019, SAC Poole submitted and was subsequently granted a North Carolina State Search Warrant for C&D Forsyth, Inc., DBA Pic and Go 3, 6940 Broad Street, Rural Hall, NC 27045.

10. On May 3, 2019, agents with NCALE executed the search warrant at the target location. Six gaming machines and a total of $20,295.00 in U.S. Currency were seized. The currency seized consisted of the following: $9,316.00 from within the six (6) video gaming machines, $4,000.00 from a black cardboard box located in the office behind the point of sale area, $300.00 from a key box located in the office behind the point of sale area, $238.00 from

a black bank bag located in the office behind the point of sale area, $552.00 from within a folder labeled "Poker Report" in a filing cabinet located in the office behind the point of sale area, $141.00 from the main cash register in the point of sale area, $1,179.00 from a cash register located in the office behind the point of sale area, $1,359.00 from a safe located underneath the main cash register in the point of sale area, and $3,210.00 from the ATM located near the front door. A "ledger" was located which displayed months, years, and amounts of monies, covering the period of time from January 2015 through May 2017. The top of the ledger is labeled, "Send to India." The total at the bottom of the "ledger" of the dollar amounts reads "2500628.60."

11. Gurtej SINGH was present during the execution of the search warrant and was interviewed by SAC Poole. SINGH admitted to operating the machines at that location for the past 5 years and admitted that the machines are pay to play and the machines determine the results of the player's game. SINGH stated that the profits from the machines are comingled into a bank account held by the business. According to SINGH, the store makes a net profit of approximately $60,000.00 per year and the video slot machines make a net profit of $1,500.00 per year, for the last five years. Based on SINGH's statements during the interview, the store's net profits for a period of five years were approximately $300,000.00, with $90,000.00 of that amount being net profits made from the video gaming machines. This would equate to approximately 30% of the net profits for the business being derived from illegal gambling.

12. On May 7, 2019, North Carolina State Arrest Warrants were obtained for Gurtej SINGH and his wife, Davinder Kaur, Vice-President of C&D Forsyth, Inc., DBA Pic and Go 3.

13. HSI adopted the seizure of the $20,295.00 in U.S. Currency. On May 6, 2019, the currency was converted to a cashier's check made payable to U.S. Customs and Border Protection. On May 7, 2019, your declarant and HSI SA D. Carter took custody of the $20,295.00 in U.S. Currency and deposited the check into the Treasury Suspense Account.

14. CBP initiated administrative forfeiture proceedings of the $20,295.00 and sent notice to SINGH on June 20, 2019. On July 2, 2019, CBP received a claim to the currency from SINGH.

## **CONCLUSION**

15. Based on the foregoing, your declarant submits there is probable cause to believe that Gurtej SINGH has conducted an illegal gambling operation, in violation of Title 18, United States Code, Section 1955. Furthermore, Gurtej SINGH, as President of C&D Forsyth, Inc., DBA Pic and Go 3, has conducted or caused to be conducted a money laundering scheme to promote the carrying on of specified unlawful activity, and to conceal or disguise the nature, location, source, ownership or control of the funds, all in violation of Title 18, United States Code, Sections 1956 (money laundering), and the $20,295.00 in U.S. Currency seized on May 3, 2019 is therefore subject to seizure and forfeiture to the United

States pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (C) and Title 18, United States Code, Section 1955(d).

This the ____ day of November, 2019.

*[signature]*

Michael B. Hudak
Task Force Officer
U.S. Immigration and Customs Enforcement
Homeland Security Investigations